IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                                     NO. 28,137

JUAN A. SAENZ,

Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY
J. C. Robinson, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant is appealing from a district court judgment and sentence entered after a jury found Defendant guilty of possession of methamphetamine and possession of drug paraphernalia. We issued a second calendar notice proposing to affirm.

Defendant has responded with a memorandum in opposition to our calendar notice. We affirm.

**MOTION TO AMEND**

In our second calendar notice, we denied Defendant's motion to amend with respect to his double jeopardy issue. In his memorandum in opposition to our second calendar notice, Defendant claims that the motion "remains viable" because he now presents, for the first time, new arguments for setting aside his conviction for possession of drug paraphernalia. [Second MIO 1] To the extent that Defendant's arguments may be construed as a motion to reconsider our ruling, we note that our rules do not provide for this. As we understand Defendant's arguments, however, they relate to separate issues concerning notice and an amendment of the indictment. As such, Defendant is making an untimely attempt to amend his docketing statement. *See State v. Moore,* 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989) (holding that a motion to amend must be made in the first memorandum in opposition), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 538, 817 P.2d 730, 731 (Ct. App. 1991). Accordingly, we do not address Defendant's arguments.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Defendant continues to maintain that he received ineffective assistance of counsel. [Second MIO 4] This Court will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 114 N.M. 725, 727, 845 P.2d 819, 821 (Ct. App. 1992). Defendant is challenging trial counsel's failure to file a motion to suppress the evidence. [Second MIO 4-5] Defendant does not provide any new arguments, but refers us back to his first memorandum and the motion to amend. [Second MIO 5] There, Defendant specifically argued that, while the initial stop of his vehicle was valid because his passenger had an outstanding warrant, the officer improperly expanded the scope of the seizure. [First MIO 9-10] *See State v. Duran*, 2005-NMSC-034, ¶ 35, 138 N.M. 414, 120 P.3d 836 (noting that a continued detention, while lawful at the outset, may become unlawful if the officer unjustifiably expands the scope of the detention). Defendant argued that the search was proper for purposes of investigating the source of the odor of alcohol emanating from the vehicle, but should have ended when Defendant's breath test indicated no presence of alcohol. [First MIO 10] However, as we observed in our second calendar notice,

3

Defendant's factual description referred us to the arresting officer's statement of probable cause. [First MIO 3] This statement indicates that Defendant consented to the search. [RP 19] We can presume that the officer would have testified consistent with the probable cause statement. We also note that district court could have accepted this testimony over Defendant's own claim [First MIO 3] that he never consented at any time. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (observing that the fact finder is free to reject a defendant's version of events). In his second memorandum in opposition, Defendant does not provide any new facts or argument that persuades us that this analysis was incorrect. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). As such, this claim is better addressed in a habeas proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993).

**SUFFICIENCY OF THE EVIDENCE**

Defendant has not provided any additional argument with respect to this issue. Accordingly, we rely on our analysis as set forth in the second calendar notice. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (holding that

an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue.)

For the reasons set forth in this opinion, we affirm.

**IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**