IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                          NO. 28,426

GILBERT URANGA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Stephen Bridgforth, District Judge

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Corey J. Thompson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant appeals his convictions for aggravated assault with a deadly weapon and resisting, evading, or obstructing an officer. Initially, we proposed to remand. Defendant filed a memorandum in support, and the State filed a memorandum in opposition. We then issued a second notice of proposed summary disposition,

proposing to affirm. Defendant has filed a memorandum in opposition. After due consideration, we adhere to the view expressed in the second calendar notice, and therefore affirm.

As an initial matter, we note that only one of the two issues raised in the docketing statement is renewed in Defendant's memorandum in opposition. [DS 5; MIO 3-7] We limit the scope of our discussion accordingly. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (observing that if a memorandum does not respond to a proposed disposition of one of the issues raised, the issue is deemed abandoned).

Defendant contends that he received ineffective assistance of counsel. [MIO 3-7] In order to establish any entitlement to relief in this context, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

We have previously opined that Defendant has made a satisfactory showing with respect to the first and second elements. Counsel's apparent failure to conduct

2

pre-trial interviews, inability to present an effective opening statement, failure to impeach the State's witnesses, failure to pursue other potentially viable avenues of cross-examination, and failure either to file a facially viable motion to suppress or to raise applicable objections suggest an overall performance which was neither reasonable nor consistent with any rational strategy or tactic.

We are presented with a deficiency, however, with respect to the third element, prejudice. In this context, "generalized prejudice is insufficient." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. Instead, a defendant must show a reasonable probability that, but for counsel's failings, the result of the proceeding would have been different. *Id.*

As the State argued in its memorandum in opposition, and as we observed in the second calendar notice, on the record before us we can only speculate about the prejudicial effect of any of counsel's apparent failings. This is a fatal deficiency. *See generally In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (holding that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of

counsel).  We therefore conclude that Defendant has failed to make a prima facie showing.

As we acknowledged in the first calendar notice, defendants have occasionally been relieved of the burden of affirmatively establishing prejudice, in cases involving sufficiently egregious facts.  *See State v. Grogan*, 2007-NMSC-039, ¶ 12, 142 N.M. 107, 163 P.3d 494.  In his memorandum in opposition, Defendant urges this Court to take a similar approach in this case.  [MIO 6-7]  However, based on our very limited understanding of the course of the proceedings below, and in light of our sense of the strength of the State's case, we are unable to conclude that trial counsel's performance was so patently deficient that Defendant should be relieved of the burden of establishing prejudice.

In closing, we reiterate that the record on appeal rarely presents an adequate basis for remanding to the trial court for an evidentiary hearing on a claim of ineffective assistance of counsel.  *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776.  Because the record before us is insufficient to support a prima facie case of ineffective assistance, we suggest that habeas proceedings would be a more appropriate avenue of seeking redress.

For the reasons stated above and in our second notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

<br>

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**