This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    **NO. 30,057**

**ARIN JENNIFER DILALLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals her conviction for second degree murder. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend

the docketing statement and a memorandum in opposition. We hereby deny Defendant's motion to amend the docketing statement and affirm her conviction.

**Motion to Amend**

Defendant has moved to amend the docketing statement to add two new issues: whether the trial court should have addressed her competency to stand trial, and whether the jury should have been instructed on voluntary manslaughter as a lesser included offense of second degree murder. We do not believe that she has shown good cause to amend the docketing statement. *See* Rule 12-208(F) NMRA (requiring good cause to amend docketing statement); *see generally State v. Moore,* 109 N.M. 119, 128-29, 782 P.2d 91, 100-101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

With respect to the competency issue [MIO 13], Rule 5-602(B)(1) NMRA states that the issue may be raised at any stage of the proceedings. Here, the issue was raised pre-trial and the court ordered an evaluation. [MIO 13; RP 22] Defendant then filed a notice of withdrawal of the competency issue, indicating that Defendant was not incompetent. [RP 27] Defendant did not thereafter request a competency hearing. Defendant indicates that her trial counsel's decision to abandon the competency issue was erroneous, because Dr. Westfried testified at trial that Defendant had neurological problems that were greater than mere anxiety. [MIO 15-16] Dr. Westfried was Defendant's own witness. [RP 81] If Defendant believed that there was reasonable doubt as to her competency she could have either directly asked for an independent

3

evaluation or she could have asked Dr. Westfried to provide specific opinion evidence that would have triggered the court's own duty to order a competency evaluation. Because she did not do either, we do not believe that this issue has merit on direct appeal. To the extent that she believed that defense counsel acted erroneously, this is a claim better suited for habeas. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993).

Defendant claims that she was entitled to a jury instruction on involuntary manslaughter. [MIO 19] "In order to obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (alteration omitted) (internal quotation marks and citation omitted).

"Voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or in the heat of passion." NMSA 1978, § 30-2-3 (1994). Defendant acknowledges that the issue was not preserved. [MIO 19] We note, however, that the facts of this case did not justify the instruction. [MIO 2-4] There was no evidence of a sudden quarrel or an event that caused Defendant to act in the heat of passion. [MIO 2-3] The fact that Defendant received a provocation instruction for second degree murder does not mean that the evidence showed that a voluntary manslaughter

4

instruction was required. To the contrary, Defendant's defense was that someone else committed the crime. [MIO 4] In the absence of specific evidence that would have supported a theory of voluntary manslaughter, we do not believe that she was entitled to the instruction. It follows that any ineffective assistance of counsel claims do not have merit on direct appeal.

**Ineffective Assistance of Counsel**

Defendant continues to maintain that her counsel denied her of her right to testify on her behalf. [MIO 4] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 114 N.M. 725, 727, 845 P.2d 819, 821 (Ct. App. 1992).

Here, Defendant's claim is based on communications that she allegedly had with her attorney. [MIO 4] There is no indication that these communications were made part of the record. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (holding that an appellate court may not consider matters not of record). Instead, Defendant refers us to matters outside of the record. [MIO 4] As such, we believe the issue is better suited for habeas. *See Duncan*, 115 N.M. at 346, 851 P.2d at 468.

5

**Motion for New Trial**

Defendant claims that the district court erred in denying her motion for a new trial based on newly discovered evidence. [MIO 8]   "[W]e will not disturb a trial court's exercise of discretion in denying or granting a motion for a new trial unless there is a manifest abuse of discretion." *State v. Garcia*, 2005-NMSC-038, ¶ 7, 138 N.M. 659, 125 P.3d 638.

Here, Defendant's motion was based on a sworn statement by another individual claiming to be the person who committed the murder. [RP 194, 196] However, it was accompanied by another letter from this same individual recanting this confession and maintaining that she confessed for money and because she feared for her safety. [RP 205] Under these circumstances, we do not believe that it was an abuse of discretion to deny the motion.

**Sufficiency of the Evidence**

Defendant contends that the evidence was insufficient to support her conviction. [MIO 11]  A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118

6

N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support Defendant's conviction for second degree murder, the evidence had to show that Defendant killed Victim, and that her acts created a strong probability of death or great bodily harm. [RP 175] The evidence indicated that Victim, Defendant's mother, was killed when she was in her bed in a home shared with Defendant and her two children. [MIO 2-3] Defendant's daughter testified that she heard Victim say "oh it's you Jen," and that about two minutes later she got up and saw Defendant standing by the end of the bed, with something on her shirt and pants. [MIO 3; DS 4] Defendant's son testified that his sister alerted him that there was something wrong with Victim, at which time he went to Victim's room and observed Defendant leaving it in a state of hysteria, with something on her shirt, pants and hands. [MIO 2-3; DS 3] We believe that this circumstantial evidence was sufficient to support the conviction. *See State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 ("The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." (internal quotation marks and citation omitted)). The jury was free to

reject Defendant's version of events, namely that Defendant's boyfriend killed Victim. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).

**CONCLUSION**

For the reasons stated above, we affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CELIA FOY CASTILLO, Judge**

8