582 P.2d 382

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Kenneth CRANFORD,**
**Defendant-Appellant.**

No. 11767.

Supreme Court of New Mexico.

Aug. 4, 1978.

John B. Bigelow, Chief Public Defender, John L. Walker, Asst. Public Defender, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SOSA, Justice.

After losing on his appeal from a conviction for first-degree murder, the petitioner-appellant urges this Court to reverse the

order of the trial court denying him post-conviction relief, stating as grounds for such relief that he was denied his right to be present at all critical stages of his trial, alleging that he was not present when a supplementary instruction was read to the jury. Inasmuch as the petitioner failed to raise this issue during his first appeal, we affirm the trial court. Furthermore, the record being silent as to his presence during this critical stage of the trial, the petitioner has failed to preserve the alleged error and therefore there is nothing to review.

Petitioner-appellant was tried and convicted of first-degree murder in the district court. A direct appeal was taken raising certain errors in procedure at the defendant's trial and is reported in *State v. Cranford*, 83 N.M. 294, 491 P.2d 511 (1971).

Petitioner claims that on April 16, 1971, during his trial, a supplementary shotgun instruction was read to the jury, allegedly outside his presence. Subsequently, petitioner filed a Rule 93 motion on September 11, 1974, requesting post-conviction relief. N.M.R.Civ.P. 93 [§ 21-1-1(93), N.M.S.A. 1953 (Repl. 1970)]. The trial court summarily denied this motion and an appeal was filed. This Court issued a mandate on November 10, 1975, directing the trial court to hear petitioner's claim that he was not present during the submission of a supplementary instruction to the jury. This matter also came before this Court on petitioner's original habeas corpus proceeding, alleging that he had not been given a hearing pursuant to the previous mandate of this Court. Another mandate was issued on October 19, 1977, directing the trial court to comply with the November 1975 mandate.

In compliance with these mandates a hearing was held on November 8, 1977, during which time testimony was taken on behalf of the petitioner. No testimony was offered by the prosecution. The trial court entered its finding of facts and conclusions of law and an order denying relief to petitioner. This appeal was taken pursuant to Rule 93(e) which governs appeals from post-conviction motions of this type. § 21-1-1(93)(e).

The relevant facts presently before this Court are as follows. At the culmination of the defendant's trial for first-degree murder, the jury retired to deliberate on the evening of August 15, 1971. The jury was sent home that evening with instructions to return the following morning to continue deliberations. On that second day of deliberations, the jury was excused for lunch and upon returning from the lunch recess the members were given the contested shotgun supplementary instruction. The record is silent as to the presence of the defendant both at the time the court announced its intentions to give the additional instruction and also at the time the jury was brought in for the reading of the instruction. The only transcript reference to petitioner's presence in this portion of the trial appears at the time of the return of the jury for its verdict on April 16, 1971.

On November 8, 1977, pursuant to his Rule 93 motion, a hearing was held on petitioner's allegations that he was not present in the courtroom during the giving of the supplemental instruction to the jury. During this hearing, the petitioner testified that he specifically remembered that he was not present in the courtroom during the reading of any jury instructions dealing with the materials contained in the supplemental instruction. He testified that he learned about the supplemental instruction from having read the newspaper after his conviction while awaiting sentencing in the county jail.

Further testimony elicited during the hearing was received from an investigator for the public defender. The testimony of the investigator revealed that none of the jurors who had sat on the petitioner's trial, and who had been contacted, was able to remember whether or not the petitioner was present when the instruction was read to them.

The petitioner also presented testimony of his polygraph expert. However, after lengthy foundation testimony required to establish the relevance of the examination, the trial court ruled that the questions used on the polygraph test were not relevant and

that all the testimony of the petitioner's expert should be stricken.

The trial court also found that the petitioner failed to meet his burden of proof by preponderance of the evidence that he was not present at the time of the giving of the shotgun instruction; and even if he was not present, there was no prejudice resulting from the lack of his presence at that time. From this decision the petitioner appeals.

The petitioner urges this Court to reverse the order of the trial court denying him relief under Rule 93. He argues that where the only evidence is that presented on behalf of the petitioner, and where that evidence is allegedly uncontradicted and unimpeached, then this Court should reverse the findings of the trial court if the evidence does not support those findings. He further argues that where the evidence of a passing polygraph score indicates truthfulness, such evidence should be admitted.

However, as the State accurately points out, the petitioner, during the appeal from his conviction, never raised the issue regarding his not being present when the supplemental instruction was given. The petitioner not having raised the issue at that time, is foreclosed from raising it now. *State v. Gillihan,* 86 N.M. 439, 524 P.2d 1335 (1974).

Moreover, if it is true that the petitioner was not present when the supplemental instruction was given, there was no objection made to preserve the alleged error. It is undoubtedly the law that the defendant in a case of this nature should be present during his trial. Certainly, if so fundamental a right of the defendant be violated, his counsel should make due objection and exception, and see to it that the record affirmatively shows that the defendant was not present. *O'Steen v. State,* 92 Fla. 1062, 111 So. 725 (1927). The record being silent as to this point, there is essentially no record upon which the review of this issue can be made by this Court. *State v. Lujan,* 79 N.M. 200, 441 P.2d 497 (1968). The burden is on appellant to provide the necessary record in this Court. *State v. Duran,* N.M., 581 P.2d 19 (1978).

The decision of the trial court is therefore affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and EASLEY, J., concur.