815 P.2d 166

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Onesimo GOMEZ, Defendant–Appellant.**

No. 12582.

Court of Appeals of New Mexico.

May 21, 1991.

Certiorari Denied July 10, 1991.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Sumita Mukhoty, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

OPINION

APODACA, Judge.

Defendant appeals his convictions for two counts of trafficking cocaine. The issues raised on appeal are whether defendant was denied due process of law by not having a certified interpreter to translate for him during his trial, and whether there was sufficient evidence to support his convictions. After the case was assigned to the general calendar, defendant filed a motion requesting that this court remand the case to the district court for an evidentiary hearing regarding defendant's motion for a new trial. Defendant stated in his motion that an evidentiary hearing was necessary in order to establish facts for his claim on appeal. After reviewing defendant's request, this court, on its own motion, reassigned the case to the summary calendar. A third calendar notice was issued, proposing to deny defendant's request for remand and proposing to affirm his convictions. Defendant filed a memorandum in opposition to the third calendar notice. Not being persuaded by the arguments raised in the memorandum, we deny defendant's request

for remand to the district court and affirm his convictions.

## FACTS

Defendant is Spanish-speaking and does not understand English. The district court appointed an interpreter to translate all court proceedings for defendant. Because defendant's court-appointed attorney did not speak Spanish, the interpreter also translated all communications between defendant and his attorney. The interpreter was not certified as required by NMSA 1978, Section 38–10–3 (Repl.Pamp.1987). At the time the district court appointed the interpreter, it informed defendant and his attorney that there were no certified interpreters available for defendant's trial date. Defense counsel made no objection to the appointment of the interpreter, nor was any objection to the interpreter made throughout the course of the trial.

After defendant was convicted, his former wife informed defendant's attorney that defendant had not understood what occurred at trial because the interpreter spoke a different dialect of Spanish. Defendant's attorney then filed a motion for a new trial based on the inadequacy of the interpreter. Before the trial court held a hearing on the motion, defendant filed his notice of appeal as required by SCRA 1986, 12–201 (Cum.Supp.1990).

## DISCUSSION

Defendant asserts in his memorandum that he must raise his claim regarding the inadequacy of his court interpreter now, rather than in a post-conviction proceeding, because he could not obtain review of issues in a post-conviction proceeding that could have been raised on appeal. Defendant cites numerous older New Mexico decisions for his premise. *See, e.g., State v. Cranford*, 92 N.M. 5, 582 P.2d 382 (1978); *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335 (1974). We agree that a post-conviction proceeding is not a substitute for direct appeal. However, in the majority of the decisions cited by defendant, the petitioner had completely failed to raise on direct appeal the issue for which he requested review in a post-conviction proceeding.

■ Defendant also argues that, if this court were to affirm his conviction based on the "partial record" before it, he will be precluded from raising the issue in a post-conviction proceeding. Defendant misconstrues *Woods v. State*, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972), and *State v. Clark*, 84 N.M. 150, 500 P.2d 435 (Ct.App.1972), the authorities on which he relies to support his argument. These cases addressed situations where the issues the defendants sought to raise in post-conviction proceedings had been decided on the merits on direct appeal. Thus, a defendant may not seek post-conviction relief for issues raised on appeal that were decided on the merits against defendant. In this appeal, we reject defendant's claim based on the absence of essential facts in the record, not because we have examined the evidence and found the issues to be without merit.

■ Having reviewed New Mexico decisions involving post-conviction proceedings under SCRA 1986, 1–093, which was withdrawn pursuant to court order dated May 31, 1989, and the present habeas corpus rule codified as SCRA 1986, 5–802, we have not uncovered any instance in which a defendant was precluded from raising an issue in a post-conviction motion proceeding that was not raised on direct appeal because the facts to support the claim were not of record. In *State v. Buchanan*, 78 N.M. 588, 435 P.2d 207 (1967), the defendant was denied post-conviction relief by the district court without an evidentiary hearing. The defendant alleged in his petition for post-conviction relief that, during closing argument, the prosecutor had made improper references to his failure to testify. No record was taken of the closing argument, leaving the defendant with no factual basis to support his claim. When the district court reviewed the defendant's post-conviction petition, it concluded that the question raised by the defendant could not be properly addressed because it should have been raised on direct appeal of the criminal case. In reversing the district court, our supreme court concluded that the defendant was entitled to an evidentiary hearing to present evidence in support

of his allegation. *Buchanan* thus held that the district court erred in its conclusion that the defendant was precluded from raising the issue in post-conviction proceedings because he had not raised it on direct appeal. *Id.* at 591, 435 P.2d at 210.

▮ Thus, under *Buchanan's* rationale, defendant in the present case is not precluded from pursuing post-conviction relief involving an alleged inadequacy of his interpreter simply because there are no facts of record before this court to support his claim. Defendant has properly raised the issue of which he seeks review. This court has not proposed to deny *review* of his claim. Instead, we have reviewed the claim and affirm the convictions because there are no facts of record to support the claim raised on appeal.

▮ Defendant argues remand is appropriate because this court has ordered similar remands in two recent decisions, *State v. Gonzales,* 111 N.M. 590, 808 P.2d 40 (Ct.App.1991), and *State v. Cordova,* (memorandum opinion filed January 10, 1991) (Ct.App. No. 11,784). In those cases, however, the defendants had objected that the jury panels selected violated their right to equal protection under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This court determined that the trial court had insufficient facts when it denied the defendants' motion to disqualify the jury panel and remanded the cases for a hearing to fully develop the relevant facts. Defendant further argues that *State v. Moore,* 109 N.M. 119, 782 P.2d 91 (Ct.App.1989), supports his request for remand. In *Moore,* the defendant also objected to the court's striking of the only black juror on the jury panel under *Batson.* This court remanded the case for an evidentiary hearing to determine whether the *Batson* factors were met.

*Gonzales, Cordova,* and *Moore* are distinguishable from this appeal because those cases addressed the state's possible impermissible use of its peremptory challenges under the *Batson* principles. When a defendant raises a *Batson* claim, the trial court must inquire into whether the defendant has established a prima facie case that the state has used its challenges in a discriminatory manner. *State v. Moore.* If the defendant establishes a prima facie case under *Batson,* the trial court then has multiple obligations. Specifically, "[t]he court must evaluate the showing, require an explanation from the prosecutor if it determines a prima facie showing [was] made, evaluate the [state's] explanation [for the challenges], and ultimately determine if defendant has carried the burden of persuasion." *State v. Moore,* 109 N.M. at 125, 782 P.2d at 97. Thus, the very nature of a *Batson* claim requires a factual inquiry by the trial court once a defendant makes the requisite preliminary showing. Other claims made by criminal defendants, such as a request for a confidential informant's identity, also require the trial court to hold a hearing once the requisite preliminary showing has been made. *See State v. Beck,* 97 N.M. 312, 639 P.2d 599 (Ct.App. 1982) (in-camera hearing must be held by trial court under former Rule of Evidence 510(c)(2), when a defendant raises claim that confidential informant's testimony is needed to properly prepare defense and supports claim by proper showing).

The issue raised here by defendant does not fit into such categories, in that the nature of the claim does not give rise to a duty on the part of the trial court to conduct a hearing. Rather, it is defendant's burden, as movant, to establish the inadequacy of the interpreter and, if defendant does so, the trial court would be required not to conduct a hearing, but to grant relief. Additionally, unlike the defendants in *Gonzales, Cordova,* and *Moore,* defendant here made no objection concerning the inadequate interpreter during the trial, and gave the trial court no opportunity during trial to rule on the issue and correct any error that may have occurred.

In *State v. Stenz,* 109 N.M. 536, 787 P.2d 455 (Ct.App.1990), the defendant raised an ineffective assistance of counsel claim on appeal. The facts of record did not support the defendant's claim. *Stenz* held that, in ineffective assistance of counsel cases, remand for an evidentiary hearing will only be ordered in very limited circumstances,

such as when the trial record establishes a prima facie case of ineffective assistance of counsel, but the state has not had an opportunity to present evidence to rebut that prima facie case. *Id.* at 539, 787 P.2d at 458. We have held that remands should be limited because Rule 5–802 provides a remedy for a defendant to make a record establishing his claim in a post-conviction proceeding. *Id.* In *State v. Powers,* 111 N.M. 10, 800 P.2d 1067 (Ct.App.1990), we also stated that remanding a case for an evidentiary hearing to develop facts supporting a defendant's claim on appeal would circumvent Rule 5–802, which provides review of post-conviction evidentiary proceedings by way of certiorari to the supreme court. Although defendant seeks remand to develop a factual record on the inadequate interpreter issue, rather than on an ineffective assistance of counsel claim, we believe the principles of *Stenz* and *Powers* are pertinent in this appeal. Specifically, defendant seeks to develop a record he currently lacks in order to support a claim he has raised on direct appeal.

Defendant additionally argues that the record establishes a prima facie violation of his constitutional right to an interpreter, relying on civil propositions of law rather than on such cases as *Stenz.* Defendant relies on *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972), and *Kerman v. Swafford,* 101 N.M. 241, 680 P.2d 622 (Ct.App. 1984), for the proposition that a prima facie showing is sufficient in law to raise a presumption of fact or to establish the fact in question unless rebutted. *Goodman* and *Kerman* are distinguishable because they were civil cases in which the appellants challenged the trial court's rulings in summary judgment proceedings.

Finally, defendant argues that, because he was unable to participate in his own defense due to his inadequate interpreter, there was insufficient evidence to support his convictions. We cannot consider defendant's insufficiency claim because there are no facts of record indicating that he could not adequately participate in his defense.

CONCLUSION

Defendant's convictions are therefore affirmed.

IT IS SO ORDERED.

MINZNER and CHAVEZ, JJ., concur.