This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                      **NO. 30,029**

**WILLIAM MARCHIONDO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Francine A. Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bowles & Crow
Jason Bowles
B.J. Crow
Monnica L. Garcia
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant appeals from the district court's affirmance of his conviction for DWI in violation of NMSA 1978, Section 66-8-102(A) (2007) (amended 2008 and 2010) and careless driving in violation of NMSA 1978, Section 66-8-114 (1978), following a bench trial in the metropolitan court. Defendant challenges the sufficiency of the evidence to support his convictions. Defendant also appeals from the district court's rejection of his claim of ineffective assistance of counsel. After due consideration of Defendant's arguments, we affirm.

**BACKGROUND**

On April 19, 2007, at approximately 11:00 p.m., Officer Curran observed Defendant driving a white BMW at a high rate of speed, changing lanes several times, and crossing lanes.[1] Officer Curran drove approximately 100 miles per hour to catch up with Defendant. Defendant moved his vehicle into the middle lane, coming close to another vehicle and forcing that vehicle to slow down. According to the officer's testimony, after the officer engaged his lights, Defendant "slammed on his brakes" and pulled over so abruptly that the officer had to slam on his brakes to avoid hitting Defendant's vehicle. When Defendant exited his vehicle, he left the door open, momentarily lost his balance, and appeared uncoordinated. Upon contact with Defendant, the officer noticed that Defendant had bloodshot and

---

[1]The stop was video recorded, and the recording was admitted into evidence and provided to this Court.

watery eyes, and he detected a slight odor of alcohol on Defendant's breath. Defendant admitted that he had consumed alcohol.

Officer Curran initiated a DWI investigation. Defendant told the officer that he would perform the horizontal eye gaze nystagmus (HGN) test, but stated that he did not want to perform the walk-and-turn or the one-leg-stand tests. Defendant later agreed to perform a finger-dexterity test, the results of which indicated poor dexterity by Defendant. During the HGN test, Defendant turned his head a couple of times, contrary to instructions and despite Defendant's claim that he understood the instructions. At that time, the officer again noticed that Defendant had bloodshot watery eyes and smelled of alcohol. Defendant also agreed to take a breath test, which yielded two results of .06.

The trial court was convinced, after viewing the videotape of the stop, that Defendant was impaired by alcohol. Defendant was convicted by bench trial of DWI and careless driving. Defendant appealed his convictions to the district court. Following the district court's decision to affirm the convictions, Defendant appealed to this Court.

**DISCUSSION**

On appeal, Defendant claims that the evidence was insufficient to support his conviction for DWI and that the district court erred in refusing to find that Defendant was denied effective assistance of counsel.

**Substantial Evidence**

Defendant contends that there was insufficient evidence to support his conviction for DWI. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

> Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational fact[]finder could have found that each element of the crime was established beyond a reasonable doubt.

*State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citations omitted).

Defendant was found guilty of DWI under Section 66-8-102(A), which provides that "[i]t is unlawful for a person who is under the influence of intoxicating liquor to drive a vehicle within this state."

4

A person is under the influence of intoxicating liquor if as a result of drinking liquor [the driver] mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to [the driver] and the public.

*State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (alterations in original) (internal quotation marks and citation omitted).  Thus, to establish that a person is under the influence, the State is only required to prove that the driver was "less able to the *slightest degree*" to operate a vehicle safely.  *Id.* (emphasis added).

Here, based on testimony from Officer Curran, Defendant was seen driving at a high rate of speed, cutting off another vehicle as he changed lanes, and overshooting the lane.  The officer testified that Defendant was driving in a manner that was dangerous to the public.  When Officer Curran engaged his emergency equipment, Defendant "slammed on his brakes" abruptly and pulled over; Defendant stumbled as he exited his vehicle; had bloodshot, watery eyes and a slight odor of alcohol; and Defendant admitted to having consumed alcohol.  In addition, Officer Curran testified that Defendant failed to follow instructions on the HGN test, exhibited poor finger dexterity on the finger dexterity test, and declined to perform any other field sobriety tests.  Finally, Defendant's BAT results were .06, which was consistent with Defendant's admission that he had been drinking.

Defendant argues that there was evidence to contradict the testimony of the officer and to support his claim that he was not impaired to the slightest degree.

5

For example, Defendant contends that he was able to control his vehicle, he promptly stopped when the officer engaged his emergency equipment, he was polite and cooperative, the officer did not notice any signs of intoxication on first contact, and the video recording disputed the officer's testimony that Defendant stumbled when exiting his car. Defendant also refers to comments made by the officer during the field sobriety tests, claims that he was not presumptively intoxicated, and claims that the weight given to the BAT results is questionable. We point out that we view the evidence in the light most favorable to the verdict. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). We therefore accept the testimony and evidence that supports the decision, and we disregard any evidence to the contrary.

Defendant compares the evidence in this case with that in a number of other cases and claims that the evidence against him was too minimal to support his

conviction. As stated in a case cited by Defendant, a comparison of facts from other cases is not persuasive because each case stands on its own facts, and there is not one set of facts that is required to support arrest for DWI. *See Sanchez*, 2001-NMCA-109, ¶ 12 (determining that evidence of odor of alcohol, admission to drinking, refusal to consent to field sobriety tests, and babbling speech was sufficient to create an inference of impaired driving). In this case, the evidence described earlier in this opinion, when viewed in the light most favorable to the verdict, established that Defendant was driving while less able to the slightest degree to handle his vehicle with safety to himself and the public. We conclude that this evidence was sufficient to support Defendant's conviction pursuant to Section 66-8-102(A). *See State v. Pickett*, 2009-NMCA-077, ¶¶ 2-5, 146 N.M. 655, 213 P.3d 805 (holding that there was sufficient evidence of impairment where the officer observed the defendant weaving and almost colliding with another car, an odor of alcohol, and bloodshot watery eyes; the defendant admitted to drinking; the defendant failed to follow instructions and performed poorly on the field sobriety tests; and the defendant had a blood alcohol level of .07/.08).

Defendant challenges the admissibility of the BAT results, arguing that they were based on hearsay and were admitted without foundation of certification. To the extent that admission of the BAT results were admitted based on hearsay, the

court needed only to be convinced, by a preponderance of the evidence, that the foundational requirement was met, and the court was not bound by the rules of evidence in making its determination. *See State v. Martinez*, 2007-NMSC-025, ¶ 19, 141 N.M. 713, 160 P.3d 894. In addition, Officer Curran testified that he was certified as an operator, that he observed the certification on the machine, and that the machine was working properly. Based on the evidence before the court, it determined that the BAT results were admissible, and there is nothing to suggest that the court abused its discretion in that regard.

Finally, Defendant does not challenge the sufficiency of the evidence to support his conviction for careless driving. *See State v. Correa*, 2009-NMSC-051, ¶ 31, 147 N.M. 291, 222 P.3d 1 (explaining that issues not briefed are considered abandoned).

**Ineffective Assistance of Counsel**

Defendant contends that the district court erred in concluding that Defendant had failed to make a prima facie showing that his trial counsel was ineffective. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 ("To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (internal quotation marks and citation omitted)). Specifically, Defendant contends that his counsel's performance fell below that of a reasonably competent attorney because counsel failed to demand a jury trial on Defendant's behalf despite Defendant's right to have a jury trial. NMSA 1978, § 34-8A-5(B)(2) (1981) (providing that, if a jury demand is not made, a jury trial is deemed waived). Defendant contends that he made a prima facie showing of ineffective assistance of counsel by submitting an affidavit prepared by trial counsel to the district court stating that trial counsel was unaware that Defendant had a right to a jury trial and that his failure to request a jury trial was not a tactical decision. The district court refused to consider the affidavit and determined that Defendant had failed to make a prima facie showing of ineffective assistance of counsel.

Defendant raised his claim of ineffective assistance of counsel as part of his on-the-record appeal from metropolitan court. Defendant therefore raised the issue on direct appeal to the district court and thus requested that the district court address the issue as an exercise of its appellate jurisdiction. When reviewing a claim of ineffective assistance of counsel, an appellate court is limited to a review of the record to determine if a prima facie case of ineffective assistance of counsel

9

has been made. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that, when an ineffective assistance claim is first raised on direct appeal, an appellate court evaluates the facts that are part of the record). "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *Id.* As we stated in *State v. Gomez*, 112 N.M. 313, 316, 815 P.2d 166, 169 (Ct. App. 1991), "remands should be limited because Rule 5-802 [NMRA] provides a remedy for a defendant to make a record establishing his claim in a post-conviction proceeding." Thus, as Defendant relies on evidence not part of the record before the metropolitan court in order to support his claim, we conclude that the proper remedy for Defendant is found in Rule 5-802.

Defendant claims that, even without reference to the affidavit, the record in the metropolitan court establishes his claim that his counsel was ineffective. Defendant claims that he had a right to a jury trial and the fact that his case was not heard by a jury amounts to a presumption of prejudice. Defendant also speculates that a jury would have acquitted him after viewing the video recording and seeing that the BAT results were .06 and, based on that speculation, that he suffered

prejudice. We need not address Defendant's claims regarding prejudice because the metropolitan court record does not demonstrate that counsel's performance was lacking.

As noted above, when facts necessary to fully decide a claim of ineffective assistance of counsel are not included in the record, the claim should be brought in a habeas corpus proceeding. There is nothing in the metropolitan court record to show that the performance by Defendant's counsel was deficient or fell below an objective standard of reasonableness. In fact, there is nothing in the record to explain the conduct of Defendant's counsel or why Defendant participated in a bench trial as opposed to a jury trial. Therefore, we again conclude that the proper procedure is for Defendant to seek relief in a habeas corpus proceeding.

**CONCLUSION**

For the reasons discussed in this opinion, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

11

_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**JONATHAN B. SUTIN, Judge**