This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: February 24, 2025**

**No. S-1-SC-39658**

**CHRISTOPHER SAIS,**

Petitioner,

v.

**STATE OF NEW MEXICO, and**
**LEON MARTINEZ, Warden,**

Respondents.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Daniel A. Bryant, District Judge**

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Appellate Defender
Luz C. Valverde, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM

for Respondents

**DECISION**

**VARGAS, Justice.**

**{1}** This matter comes before the Court upon the grant of Defendant Christopher Sais's Rule 12-501 NMRA petition for a writ of certiorari seeking review of the district court's denial of habeas relief after Defendant was convicted of, among other offenses, two counts of criminal sexual penetration (CSP), contrary to NMSA 1978, Section 30-9-

11 (2009). As we discuss herein, we vacate one of Defendant's CSP convictions because it violates double jeopardy and otherwise affirm on all other grounds.

## I.      BACKGROUND

**{2}**      The circumstances giving rise to Defendant's convictions arose out of an unusual set of facts: Defendant entered a hotel room and sexually assaulted his friend's pregnant girlfriend. We exercise our discretion to resolve Defendant's appeal by non-precedential decision, *see* Rule 12-405(B) NMRA, and thus limit our recitation of the facts accordingly, incorporating additional facts as necessary to our disposition, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[U]npublished orders, decisions, or memorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties. Since the parties know the details of the case, such an opinion does not describe at length the context of the issue decided.").

## II.     DISCUSSION

### A.     Double Jeopardy

**{3}**      Defendant first contends that his two CSP convictions violate double jeopardy. We agree.

**{4}**      Under the United States and New Mexico Constitutions, "No person shall . . . be twice put in jeopardy" for the same offense. U.S. Const. amend. V; N.M. Const. art. II, § 15. Defendant was convicted of two counts of CSP under the same statute: Section 30-9-11, presenting a unit of prosecution issue. *See Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223 (stating that unit of prosecution double jeopardy issues arise when "the defendant has been charged with multiple violations of a single statute based on a single course of conduct"). In a unit of prosecution case, we "analyze the statute at issue to determine whether the Legislature has defined the unit of prosecution." *State v. Swick*, 2012-NMSC-018, ¶ 33, 279 P.3d 747. "If the unit of prosecution is clear" from the face of the statute, the Court need not proceed further. *See id.* "If the unit of prosecution is not clear from the statute, . . . [we] must determine whether a defendant's acts are separated by sufficient 'indicia of distinctness' to justify multiple punishments." *Id.* (citation omitted). Our review is de novo. *Id.* ¶ 10 ("A double jeopardy challenge is a constitutional question of law which we review de novo.").

**{5}**      We have previously explained that the CSP statute does not identify the unit of prosecution. *See Herron v. State*, 1991-NMSC-012, ¶ 8, 111 N.M. 357, 805 P.2d 624 (concluding that Section 30-9-11 "does not indicate unambiguously whether the [L]egislature intended . . . to create a separate offense for each penetration occurring during a continuous sexual assault"). Because the statute does not identify the unit of prosecution, *Herron* instructs that we examine whether the following six factors give rise to distinct counts of CSP:

(1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) [the] defendant's intent as evidenced by his conduct and utterances; and (6) number of victims.

*Id.* ¶ 15.

**{6}**     Here, the conduct giving rise to Defendant's two CSP charges involved Defendant licking Victim's vagina (cunnilingus) followed by penile penetration of her vagina. In an interview with law enforcement, Victim stated that the assailant's licking of her vagina "was quick, I think he just did it just so that he could insert . . . . It was like, I mean it all was just so like, I mean it was very quick." A supplemental police report does not provide any additional detail or support of intervening conduct. An FBI special agent's report documenting the agent's interview of Victim provides the same factual basis without any reference to cunnilingus. And in his amended habeas petition, Defendant provided the same summary of events. Victim testified that the attack lasted less than two minutes.

**{7}**     Taking these circumstances into consideration, each of the *Herron* factors weigh in Defendant's favor because the facts suggest that the episode was brief, Victim was not repositioned between offenses, there was no intervening event, a single orifice was penetrated, Defendant did not make any statements, and there was a single victim. Absent any evidence supporting distinct counts, we conclude that Defendant was twice put in jeopardy for the same offense and that one of his convictions for CSP must be reversed.

**{8}**     We now turn to Defendant's remaining arguments with respect to (1) pre-indictment delay, (2) counsel of choice, (3) alleged discovery violations, and (4) the denial of an evidentiary hearing.

**B.     Pre-Indictment Delay**

**{9}**     Defendant alleges that he was prejudiced by pre-indictment delay. We have previously explained that, although "the statutes of limitation provide the primary protection against delay-induced prejudice, the United States Supreme Court has held that the due process clause of the fifth amendment provides additional, albeit limited, protection against improper preaccusation delay." *Gonzales v. State*, 1991-NMSC-015, ¶ 4, 111 N.M. 363, 805 P.2d 630. To prove such a claim, a defendant bears the burden of establishing that he was (1) prejudiced from a delay and (2) "that the state knew or should have known delay was working a tactical disadvantage on [the] defendant." *Id.* ¶¶ 6, 10. If the defendant meets the burden, "the burden of production shifts to the prosecution to articulate a legitimate reason for the delay. In that event, the defendant

still may prevail upon a showing that the articulated reason was a mere pretext." *Id.* ¶ 10.

**{10}** Applying this test, the district court denied habeas relief, concluding that Defendant failed to meet his burden because he failed to establish that the delay was working as a tactical disadvantage. It further explained Defendant failed to establish that the State's asserted reason for the delay—lack of police reports—was pretext. Rather than address the habeas court's conclusions, Defendant reargues the merits of the claim; Defendant's brief in chief does not reference the habeas court's findings in this respect at all. Defendant's reply is likewise unpersuasive, shifting focus to the fact that the habeas court did not hold an evidentiary hearing (a separate issue in this proceeding discussed below), as well as the seemingly unrelated and unsupported fact that "the investigating officer . . . was arrested for his own misconduct prior to the State dismissing [other] drug charges against [Defendant]."

**{11}** The State contends that the deficiencies set out above are determinative because upon failure to attack a finding, "the finding shall be deemed conclusive." Rule 12-318(A)(3)-(4) NMRA. We agree. More importantly, however, Defendant's claims are unavailing in view of the narrow purpose of a Rule 12-501 petition, which is limited to "review of denials of habeas corpus petitions by the district court," not to hear the merits of the claim anew. Rule 12-501(A). Based on these deficiencies, we do not further consider the issue.

## C.     Counsel of Choice

**{12}** Defendant next claims that the district court in the underlying trial "denied his right to counsel of his choice." This claim is not properly before the Court because, as Defendant concedes, the issue was addressed on the merits by the Court of Appeals in his direct appeal. *See State v. Sais*, A-1-CA-37650, mem. op. ¶¶ 3, 4 (N.M. Ct. App. Feb. 10, 2020) (nonprecedential). "[A] defendant may not seek post-conviction relief for issues raised on appeal that were decided on the merits against [the] defendant." *State v. Gomez*, 1991-NMCA-061, ¶ 5, 112 N.M. 313, 815 P.2d 166.

**{13}** However, even if Defendant were not barred from raising the issue because of a previous determination on the merits in his direct appeal, he failed to raise the issue in his habeas proceedings before the district court. When the State raised the issue of preservation, Defendant acknowledged the State's contention but failed to refer this Court to any portion of the habeas record showing that he preserved this issue for review. Because Defendant did not raise the issue in his habeas petition and the habeas court did not rule upon it, the issue is not properly before this Court; as we explained above, the scope of our 12-501(A) review only encompasses a petition for a writ of certiorari seeking review of a denial of habeas relief. Therefore, regardless of whether the issue was (1) addressed by the Court of Appeals on the merits, or (2) not addressed on the merits and subsequently not raised in habeas proceedings, either option leads to the same result. It is not properly before this Court.

**D. Alleged Discovery Violations**

**{14}** Defendant also contends that the State committed various discovery violations and asks us to reverse his convictions on this ground. In response, the State correctly notes that Defendant has failed to explain (1) how or where the issue was preserved, and (2) what order, ruling, or portion of the habeas court's order he is challenging. Rather than address any of the State's contentions that this issue is not properly before the Court and therefore there is "no basis for granting the requested relief," Defendant did not respond to the State's argument in his reply. Because Defendant abandoned this argument in his reply, *see State v. Jones*, 1964-NMSC-028, ¶ 4, 73 N.M. 459, 389 P.2d 398 (declining to consider issues that were abandoned in a reply brief), and the substance of his argument is unclear and undeveloped, *see Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (explaining that the appellate court does not review unclear or undeveloped arguments), we do not address it.

**E. Evidentiary Hearing**

**{15}** Finally, Defendant asserts that the habeas court erred by denying his petition without an evidentiary hearing. As the habeas court recognized, whether an evidentiary hearing is required in habeas is governed by Rule 5-802(H)(4) NMRA. This rule vests the habeas court with authority to "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the court shall dispose of the petition without an evidentiary hearing." *Id.*

**{16}** Relying upon this rule and relevant precedent, the habeas court concluded that "[t]he extensive exhibits, transcripts, and copies of the record filed by Petitioner provide sufficient facts for the [c]ourt to rule without an evidentiary hearing. [Only i]f a petition raises factual issues which cannot be conclusively determined from the records of the action, then the petitioner is entitled to an evidentiary hearing." Order on Am. Habeas Corpus Pet. of Christopher Sais, *Sais v. State*, D-1215-CR-2016-00560, at 23 (12th Jud. Dist. Ct. Sept. 12, 2022). Before reaching its conclusion, the district court held a preliminary disposition hearing under Rule 5-802(H)(4) and sought input from the parties as to whether an evidentiary hearing was necessary. Importantly, at the hearing, the habeas court specifically asked Defendant's counsel, "If the court decides that I want an evidentiary hearing, based on your theory of the case, what are you going to present at that hearing? What do you find relevant?" Defendant's counsel responded, "As far as your question for the evidentiary hearing . . . , I do think the record speaks enough for itself. If anything, [Defendant] could provide clarification" on certain evidentiary and other issues if the Court so ordered. Defendant's concession that the record speaks for itself aligns with the operative language in our precedent establishing that an evidentiary hearing is not required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *State v. Franklin*, 1967-NMSC-151, ¶¶ 6, 11, 78 N.M. 127, 428 P.2d 982 (internal quotation marks and citation omitted).

**{17}** To the extent the district court conflated which hotel room was rented by Defendant and which room was rented by Victim's boyfriend, we are unpersuaded that

such a discrepancy warrants an evidentiary hearing because it does not alter the habeas court's conclusion that "[t]he evidence at trial showed [Defendant] did not obtain the second key to [the room] until 3 AM . . . just before he entered the room and raped [V]ictim." Order on Am. Habeas Corpus Pet. of Christopher Sais 18. Therefore, Defendant's briefs before this Court fail to establish that the district court erred in declining to hold an evidentiary hearing. The ancillary factual dispute over the hotel rooms does not impact the habeas court's conclusion that an evidentiary hearing was unnecessary because authority to enter a hotel room does not give one permission to sexually assault anyone in that room, and therefore does not upset the habeas court's conclusion that "'the prisoner is entitled to no relief'" with respect to his CSP convictions. *See Franklin*, 1967-NMSC-151, ¶ 6 (citation omitted). Here, Defendant provides no clear basis explaining what benefit would be served by ordering an evidentiary hearing. He also does not challenge the habeas court's repeated conclusions that the evidence of guilt, including DNA evidence, "was overwhelming." Ultimately, the lack of clarity in Defendant's briefs before this Court as to why an evidentiary hearing is warranted is especially relevant in light of Defendant's concession before the habeas court that "the record speaks enough for itself." The habeas court did not err in concluding that an evidentiary hearing was unnecessary to deny the petition.

## III. CONCLUSION

{18}   We reverse and remand this matter to the district court so that it may vacate one of Defendant's CSP convictions on double jeopardy grounds. We deny relief on all other grounds.

{19}   **IT IS SO ORDERED.**

**JULIE J. VARGAS, Justice**

**WE CONCUR:**

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**BRIANA H. ZAMORA, Justice**