This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 31,279

**THOMAS AVALLONE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Will O'Connell , Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant is appealing his conviction after a jury found him guilty of aggravated battery. We issued a calendar notice proposing to affirm. Defendant has filed a motion to amend the docketing statement to raise an ineffective assistance of counsel claim. We hereby deny Defendant's motion for the reasons stated below. Defendant has also filed a memorandum in opposition to our calendar notice. Not persuaded, we affirm the judgment and sentence.

**Motion to Amend**

Defendant has filed a motion to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989),

*overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Here, Defendant would like to add two issues. With respect to the claim that the district court judge should have recused, because he had presided over a previous incomplete divorce proceeding, and had become "incensed" with Defendant when the divorce did not go through. [MIO 8-11] Defendant concedes that this issue was not preserved. [MIO 9] Accordingly, we conclude that the issue is not viable because there is nothing in the record to substantiate Defendant's claims concerning the district court judge's prior conduct. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (observing that matters not of record cannot be reviewed on appeal).

Defendant also would like to add the issue of whether his counsel was ineffective. [MIO 11] Again, Defendant's claims appear to be either not of record, or matters of strategy. Accordingly, we believe that these claims are better addressed in collateral proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993) (stating that habeas corpus proceedings are the "preferred avenue for adjudicating ineffective assistance of counsel claims.")

**Memorandum in Opposition**

Defendant continues to claim that the district court erred in excluding evidence in the form of a threatening letter to Defendant that was authored by the Victim.

3

[MIO 5] "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

Defendant had the fundamental right to present his theory of defense to the jury. *See State v. Lucero*, 1998-NMSC-044, ¶ 5, 126 N.M. 552, 972 P.2d 1143. In this case Defendant argued self-defense, claiming that Victim was the aggressor. [RP 84] To support this defense, Defendant sought to admit a letter addressed to him, sent by Victim, which Defendant characterizes as "threatening." [DS 1] Our Supreme Court has set forth the applicable analysis as follows:

> When a defendant is claiming self-defense, his or her apprehension of the victim is an essential element of his or her claim. Therefore, under Rule 11-405(B) [NMRA], evidence of specific instances of the victim's prior violent conduct of which the defendant was aware may be admitted to show the defendant's fear of the victim.

*State v. Armendariz*, 2006-NMSC-036, ¶ 17, 140 N.M. 182, 141 P.3d 526.

In our calendar notice, we observed that Defendant did not provide any detail concerning the "threatening" nature of Victim's letter. In the absence of an adequate description, we were unable to review this issue. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (stating that trial counsel must set out all the facts in the docketing statement); *see also* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain "a concise, accurate statement of the case

4

summarizing all facts material to a consideration of the issues presented"). Nevertheless, we presume that the district court did not abuse its discretion in excluding the letter. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error.).

In his memorandum in opposition, Defendant indicates that the letter was not disclosed until the morning of trial, at which time the district court excluded it. [MIO 5] We therefore conclude that we properly applied the presumption of correctness, in that the letter was not properly disclosed. *See* Rule 5-502(A)(1) NMRA (requiring disclosure of papers no later than ten days before trial).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

---

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

---

**CELIA FOY CASTILLO, Chief Judge**

5

_____

**TIMOTHY L. GARCIA, Judge**