# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 28,910**

**MARY ESTHER LOVATO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals her convictions for criminal sexual penetration in the first degree, attempt to commit criminal sexual penetration, kidnaping, criminal sexual

contact (with a child under 13), bribery of a witness, and contributing to the delinquency of a minor, on the ground that she received ineffective assistance of counsel. We issued a notice of proposed summary disposition proposing to remand to the district court for an evidentiary hearing. Both Defendant and the State have responded to our notice with memoranda in opposition. Defendant urges us to simply remand for a new trial but fails to provide legal authority for her position. Consequently we do not address her arguments. The State argues that, because Defendant failed to establish prejudice, we should affirm and require Defendant pursue her claims, if any, through a habeas proceeding. We address the State's arguments below. Having considered both responses, however, we are unpersuaded that our proposed analysis is incorrect. We therefore remand to the district court for an evidentiary hearing.

Defendant argues she received ineffective assistance of counsel. Ineffective assistance of counsel is reviewed de novo. *Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993). In order to establish a prima facie case of ineffective assistance of counsel, a defendant must demonstrate that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22,

33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

We are satisfied that the course of conduct described in the docketing statement satisfies the first and second elements for a prima facie case of ineffective assistance of counsel. First, defense counsel appears to have been unaware of the existence of Rule 11-413(B) NMRA, which requires a written motion and an in camera hearing to admit evidence of previous sexual conduct. [DS 4] Defense counsel failed to file such a motion prior to a scheduled videotaped deposition of a State's expert witness on sexual abuse who would be unavailable for trial, even though counsel clearly intended to inquire into previous sexual contact during the deposition. [DS 2-5] *See id.* Defense counsel was aware that the child had previously been sexually abused and repeatedly attempted to question the expert about what effect the child's past sexual abuse would have on the expert's conclusions. [DS 4] Because defense counsel failed to follow Rule 11-413, the district court disallowed any questions during the deposition concerning the child's past sexual history. [DS 3-4]

After defense counsel learned of Rule 11-413 during the deposition, he filed a motion to allow testimony of the alleged victim's sexual history. [DS 4] At that hearing on the first day of the trial, the district court found that evidence of the child's prior sexual experience was material and relevant to Defendant's defense as an alternative for the child's sexual knowledge. [DS 4] *See State v. Payton*, 2007-

3

NMCA-110, ¶ 6, 142 N.M. 385, 165 P.3d 1161 (stating evidence to counter the assumption of sexual naivete is essential to a proper defense where it exists; exclusion of such evidence is not harmless error). However, the district court still permitted the jury to view the earlier videotaped expert deposition without any cross-examination concerning the child's sexual knowledge. [DS 4]

Defense counsel also apparently failed to object to several hearsay statements, many of which purported to identify Defendant as the perpetrator of the abuse. [DS 4-6] Moreover, defense counsel appears to have failed to object to extended references to inadmissible evidence. [DS 5]

We do not find defense counsel's conduct reasonably competent. Nor can we conceive of any rational strategy or tactic to explain counsel's apparent failings. *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 (explaining that we will not find ineffective assistance where we can conceive of any reasonable trial tactic which would explain counsel's performance). Indeed, with regard to the cross-examination of the State's expert, defense counsel's failing was clearly not strategic; defense counsel attempted to address the issue of previous sexual knowledge, but was unable to do so because of his ignorance of the Rule 11-413 procedures.

In its response to our proposed disposition, the State does not dispute Defendant's contentions regarding the mistakes of trial counsel. Instead, it argues that

Defendant failed to adequately show prejudice and urges this Court not to presume prejudice. [MIO 5-6, 9] We agree it is generally Defendant's burden to show that, but for counsel's errors, the result of the proceeding would be different. *See State v. Grogan*, 2007-NMSC-039, ¶ 11, 142 N.M. 107, 163 P.3d 494. However, we have previously held that, under sufficiently egregious circumstances, defendants are relieved of the burden of affirmatively establishing prejudice. *See Id.* ¶ 12; *see also State v. Schoonmaker*, 2008-NMSC-010, ¶ 36, 143 N.M. 373, 176 P.3d 1105 (holding that a presumption of prejudice exists "when counsel's potential ineffectiveness is expressly brought to the attention of the district court and is occasioned by rulings of the court itself").

This is such a circumstance; we presume prejudice in cases involving denial of the right of effective cross-examination and Defendant was deprived of this right. *See Grogan*, 2007-NMSC-039, ¶ 12. While it is true we cannot examine the entire record at this time, we need not do so. The State does not dispute defense counsel's failure to request a Rule 11-413 hearing and subsequent inability to cross-examine an expert on the origin's of the child's sexual knowledge. Defense counsel's error resulted in a denial of the right of effective cross-examination which is an essential failure sufficient to constitute prejudice for purposes of a establishing prima facie case of ineffective assistance of counsel. *See, e.g., Payton,* 2007-NMCA-110, ¶ 6. This is

especially true given the district court's specific finding that such information was material and relevant to Defendant's defense.

The State also suggests we ignore the allegedly improper hearsay testimony because it may have been cumulative of other testimony. [MIO 6] We need not address this issue because we have already held the failure of cross-examination was sufficient to establish prejudice for a prima facie showing of ineffective assistance of counsel. As previously stated, we only hold Defendant has made a prima facie showing; the purpose of the evidentiary hearing is to clarify the facts surrounding Defendant's claim and to permit the district court to issue a definitive determination as to prejudice.

The State also points to numerous cases we cited in our proposed notice as being factually distinct from this case. [DS 8-11] We agree those cases are factually different from the case at hand, however, we do not rely on those cases for their facts, but rather for the various holdings establishing circumstances when we will presume prejudice. *See, e.g.*, *Grogan,* 2007-NMSC-039, ¶ 12. We also do not address the State's discussion of the calendar notice in *State v. Uranga*, No. 28, 246, because we do not address or comment on memorandum opinions or calendar notices. *Romero v. City of Santa Fe*, 2006-NMCA-055, ¶ 27, 139 N.M. 440, 134 P.3d 131 (reiterating that unpublished decisions are not meant to be used as precedent and are written solely

for the benefit of the parties).

Finally, the State urges that the proper course in this case is to dismiss the appeal and require Defendant to resolve these issues through habeas corpus proceedings. We recognize habeas corpus is generally the "procedure of choice" for these proceedings. *State v. Dylan J.*, 2009-NMCA-___, ¶ 41, ___ N.M. ___, ___ P.3d ___ (Nos. 26, 131 & 26,562 Feb. 3, 2009). But, as we have noted in recent cases, we somewhat frequently remand claims of ineffective assistance of counsel brought on direct appeal for further evidentiary hearings. *Id.* ¶ 40. While remand may be more rare than habeas corpus proceedings, we reiterate that what is most important is that the district court have a chance to assess counsel's performance. *Id.* ¶ 41. Here, we simply hold Defendant has made a prima facie case sufficient to require that evidentiary hearing.

For the foregoing reasons we remand to the district court for an evidentiary hearing on Defendant's claim of ineffective assistance of counsel.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

7

**JONATHAN B. SUTIN, Judge**


_____
**RODERICK T. KENNEDY, Judge**