This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO.  31,513**

**ROSA MARIA RAMIREZ PASILLAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

The Thompson Firm
Roderick Thompson
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Rosa Maria Ramirez Pasillas (Defendant) appeals the district court's dismissal of her Rule 1-060 NMRA petition for relief. We reverse and remand for further proceedings.

Defendant is a Mexican National who had been legally residing in the United States since she was a small child. [RP 88 ¶¶ 2-3] In 1998, she pleaded guilty to child abuse (a third-degree felony) and abuse of aerosol spray. Defendant was given a suspended sentence and a period of unsupervised probation. [RP 84, 107 ¶ 4] Her guilty plea subjected her to deportation, a fact she claims she was not advised of before entering the plea. [RP 90 ¶¶ 15-18]

On March 28, 2011, nearly thirteen years after the convictions and having completed her sentence of unsupervised probation, Defendant filed a petition for relief pursuant to Rule 1-060, asking to withdraw her guilty plea. [RP 65-76; RP 107 ¶ 4] She attached an affidavit, stating that her counsel at the time had not advised her of the specific immigration consequences of pleading guilty to the felony of child abuse. [RP 88-91] The district court denied the petition without an evidentiary hearing, stating that it had examined the file and listened to the tapes of the separate plea and sentencing hearings. [RP 101-04]

Ordinarily, "[a] motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion

only for abuse of discretion." *State v. Garcia*, 1996-NMSC-013, 121 N.M. 544, 546, 915 P.2d 300, 302. The district court abuses its discretion in denying a motion to withdraw a guilty plea "when the undisputed facts establish that the plea was not knowingly and voluntarily given." *Id.* As discussed below, Defendant argues that her plea was not knowingly and voluntarily given because she did not receive proper advice from her counsel. We review claims of ineffective assistance of counsel de novo. *Duncan v. Kerby*, 115 N.M. 344, 347-48, 851 P.2d 466, 469-70 (1993).

Rule 1-060(B)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order[,] or proceeding for the following reason[]: . . . the judgment is void[.]" This Court has previously recognized that Rule 1-060(B)(4) is a proper method for collaterally attacking a conviction alleged to be void where a defendant has already served the sentence. *State v. Tran*, 2009-NMCA-010, ¶¶ 16-18, 145 N.M. 487, 200 P.3d 537. In *Tran*, as in the present case, the defendant alleged that his counsel's failure to properly advise him of the specific immigration consequences of his plea was ineffective assistance of counsel under *State v. Paredez*, 2004-NMSC-036, 136 N.M. 533, 101 P.3d 799. There, our Supreme Court held:

> If a client is a non-citizen, the attorney must advise that client of the
> specific immigration consequences of pleading guilty, including whether
> deportation would be virtually certain. . . . An attorney's failure to
> provide the required advice regarding immigration consequences will be

3

ineffective assistance of counsel if the defendant suffers prejudice by the attorney's omission.

*Id.* ¶ 19. "Where a defendant enters a plea upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *State v. Carlos*, 2006-NMCA-141, ¶ 10, 140 N.M. 688, 147 P.3d 897 (internal quotation marks and citation omitted). "To establish that [s]he was denied the effective assistance of counsel, [the d]efendant had the burden to show: (1) that the attorney's advice about the consequences of [her] pleas was below an objective standard of reasonableness; and (2) that were it not for [her] attorney's advice, [she] would not have made the pleas." *Tran*, 2009-NMCA-010, ¶ 20.

Defendant's affidavit filed with her Rule 1-060 petition states:

15. At no time did [my public defender] ever tell me that a guilty plea would affect my residency status and make me deportable.

16. [My public defender] never talked to me about any alternative dispositions that would preserve my immigration status.

17. I first learned that I would be deported at my sentencing on May 1, 1998[,][1] when there was a discussion between the lawyers, the judge, and an immigration agent about a child abuse conviction triggering deportability. When he sentenced me, the judge told me that I would be released from jail to immigration custody for deportation.

---

[1]The correct date of the hearing appears to be April 30, 1998. [See RP 84]

4

18. I never would have [pleaded] guilty to child abuse had I known that I would be deported based upon that conviction. . . . Had [my public defender] correctly and adequately informed me of the consequences of a child abuse conviction, I would have insisted that she attempt to negotiate a different plea, or failing that, I would have insisted on going to trial.

[RP 90 ¶¶ 15-18]

This affidavit is consistent with the district court's findings, which do not include an assertion that Defendant received information on the *specific* immigration consequences of her plea before entering it, stating: "[D]efendant entered her guilty pleas pursuant to a written plea and disposition agreement, accepted by the [c]ourt and filed on January 27, 1998. The written plea and disposition agreement was signed by [D]efendant and contained a warning that the conviction *might* affect her immigration or naturalization status." (Emphasis added.) [RP 102 ¶ 10] The district court also found:

6. This [c]ourt informed [D]efendant in open [c]ourt at the sentencing hearing of April 30, 1998 but prior to pronouncing sentence that she would be released from jail directly into the custody of the then-U.S. Immigration and Naturalization Service for deportation.

7. [D]efendant personally addressed the [c]ourt prior to receiving her sentence and expressed her anger and frustration at the certainty that she would be deported.

[RP 102 ¶ 6-7] The sequence of events in Defendant's case does not satisfy *Paredez*, which requires that "the attorney must advise [the] client of the specific immigration

consequences of pleading guilty, including whether deportation would be virtually certain." *Tran*, 2009-NMCA-010, ¶ 21 (internal quotation marks and citation omitted). We thus will not speculate on whether Defendant should have attempted to withdraw her plea in the interval at the sentencing hearing between learning of the certainty of deportation and the actual pronouncement of her sentence, but we observe that she apparently did not receive any advice from counsel on that possibility at that time.

*Paredez* was decided in 2004, while the relevant events in the present case took place in 1998. Thus, the question of retroactive application arises. As discussed above, the burden is on Defendant to show both "(1) that the attorney's advice about the consequences of [her] pleas was below an objective standard of reasonableness; and (2) that were it not for [her] attorney's advice, [she] would not have made the pleas." *Tran*, 2009-NMCA-010, ¶ 20. The district court in the present case concluded that the advice Defendant received was not below an objective standard of reasonableness. Thus, the district court did not reach the question of whether *Paredez* should be applied retroactively. In our recent case, *State v. Ramirez*, 2012-NMCA-057, ___ N.M. ___, 278 P.3d 569, *cert. granted*, ___-NMCERT-___, ___ N.M. ___, ___ P.3d ___ (No. 33,604, June 5, 2012), we held that *Paredez* was an extension of a previously entrenched duty to provide representation and is thus

retroactive. Thus, we conclude that *Paredez* applies in the present case, and Defendant's attorney's advice fell below an objective standard of reasonableness.

Finally, because the district court concluded that the advice Defendant received was not below an objective standard of reasonableness, it did not reach the second factor in the test for ineffective assistance: Whether, were it not for Defendant's attorney's advice, she would not have accepted the pleas. *Tran*, 2009-NMCA-010, ¶ 20. Our Supreme Court has previously observed that "[d]eportation can often be the harshest consequence of a non-citizen criminal defendant's guilty plea, so that in many misdemeanor and low-level felony cases he or she is usually much more concerned about immigration consequences than about the term of imprisonment." *Paredez*, 2004-NMSC-036, ¶ 18 (alterations, internal quotation marks, and citation omitted). Our Supreme Court has also noted:

> Because courts are reluctant to rely solely on the self-serving statements of defendants, which are often made after they have been convicted and sentenced, a defendant is generally required to adduce additional evidence to prove that there is a reasonable probability that he or she would have gone to trial.

*Patterson v. LeMaster*, 2001-NMSC-013, ¶ 29, 130 N.M. 179, 21 P.3d 1032. The present case presents both the harsh consequence of deportation in a fairly low-level felony case, and Defendant's self-serving statements in the form of the affidavit she filed with her Rule 1-060 petition for relief. Given the need to assess these potentially

7

conflicting factors in making the determination of whether Defendant would have entered the plea agreement, but for her attorney's inadequate advice, we remand this case to the district court for a ruling on this issue. *See, e.g.*, *Carlos*, 2006-NMCA-141, ¶ 23 (finding ineffective assistance of counsel under *Paredez* and remanding for determination of whether the defendant was prejudiced).

For the reasons stated above, we reverse the district court's finding that Defendant received adequate advice from her counsel on the immigration consequences of accepting the plea and remand for a ruling on whether she would have accepted the plea, but for her attorney's inadequate advice.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**CYNTHIA A. FRY, Judge**