This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                          **No. 31,656**

**JULIAN ORTIZ TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

Gary K. King, Attorney General
Jacqueline R. Medina, Assistant Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals his conviction for voluntary manslaughter. We issued a second calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. Defendant has also filed a motion to amend the docketing statement. Defendant's motion is hereby denied for the reasons set forth below. We affirm.

**Motion to Amend**

Defendant has filed a motion to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded in statute as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Here, Defendant challenges trial counsel was ineffective. [MIO 9] However, the substance of Defendant's allegations are not matters of record, and we are unable to review them on direct appeal. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (stating that matters not of record are not reviewable on appeal). Accordingly, to the extent that the claims might have merit, we believe that they are better addressed in collateral proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993) (stating that habeas corpus proceedings are the "preferred avenue for adjudicating ineffective assistance of counsel claims").

## *Miranda*

Defendant continues to argue that the district court erred in allowing the jury to hear a recording of his statements, allegedly made in violation of *Miranda*. [MIO 5] Our second calendar notice proposed to affirm because Defendant had been properly *Mirandized* and had signed an advise and waiver of rights form. In his memorandum in opposition, Defendant does not dispute that he had been *Mirandized* and had signed an advise and waiver of rights form. Instead, Defendant claims that he should have been *Mirandized* a second time, after he had been transported to the station. [MIO 8] However, a defendant does not have to be *Mirandized* repeatedly during the course of his arrest and interrogation. *See State v. Gilbert*, 98 N.M. 530, 534, 650 P.2d 814, 819 (1982) (holding that a second *Miranda* warning did not need to be given where the defendant had been *Mirandized* earlier in the day).

For the reasons set forth above, we affirm the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**