This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v.                                                                    **NO. 35,945**

**DANIEL FUENTES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant Daniel Fuentes appeals from his jury trial convictions for trafficking by distribution and conspiracy to commit trafficking. [DS 2; RP 133, 139] This Court

issued a notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     Defendant raises two issues on appeal: (1) whether the evidence was sufficient to support Defendant's convictions, and (2) whether Defendant received ineffective assistance of counsel when trial counsel stipulated to the admission of the results of the controlled substance testing. [DS 4]

{3}     In his memorandum in opposition, Defendant continues to argue his convictions were not supported by sufficient evidence because the State failed to present any direct evidence Defendant knowingly distributed drugs or conspired to do so. [MIO 4-5] As we pointed out in our notice of proposed disposition, circumstantial evidence is substantial evidence. *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056. [CN 4] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute as stated in State v. Harris*, 2013-NMCA-031, 927 P.3d 374. Because Defendant has not pointed out any errors in the notice of proposed disposition, we hold his convictions were supported by sufficient evidence.

{4}     Defendant next continues to argue he received ineffective assistance of counsel

because trial counsel stipulated to admission of the drug test results, rather than requiring the State to admit the results through the analyst who conducted the testing. [MIO 7–8] Defendant admits trial counsel's stipulation to the admission of evidence was a strategic decision, but the decision removed the determination of the identity of the substance from the jury's consideration. [MIO 8] Thus, Defendant argues, the stipulation undermined the outcome of his trial. [MIO 9]

{5}     As we noted in our proposed disposition, "[o]n appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted). Aside from his assertion trial counsel's strategy was unreasonable, [MIO 8] Defendant fails to demonstrate how the stipulation to admission of evidence fell below an objective standard of reasonableness or how the outcome of his trial would have been different had the evidence been admitted through the analyst who tested the drugs. *See State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (setting forth the requirements to establish a prima facie case of ineffective assistance of counsel). Moreover, our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466. We therefore hold Defendant has not demonstrated he received ineffective assistance of

counsel, based on the record before us.

{6} Accordingly, based on the reasons explained above and in this Court's notice of proposed disposition, we affirm.

{7} **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**JULIE J. VARGAS, Judge**

4