This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-35932**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SAVANNAH HOLM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Lauren J. Wolongevicz, Assistant Attorney General
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Christin K. Kennedy
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Following a jury trial, Defendant Savannah Holm was convicted of numerous felony charges,[1] including one count of child abuse by endangerment in violation of

---

[1]Kidnapping in violation of NMSA 1978, Section 30-4-1 (2003) (Count 1); conspiracy to commit kidnapping in violation of NMSA 1978, Sections 30-28-2 (1979) and 30-4-1 (Count 2); attempted first degree murder (accessory) in violation of NMSA 1978, Sections 30-2-1(A)(1) (1994), 30-28-1 (1963), and 30-1-13 (1972) (Count 3); two counts of aggravated battery with a deadly weapon (accessory) in violation of NMSA 1978, Section 30-3-5(A), (C) (1969)

NMSA 1978, Section 30-6-1(D) (2009). Defendant appeals, arguing (1) the evidence is insufficient to support her child abuse conviction; (2) her convictions for child abuse and aggravated battery constitute double jeopardy; and (3) that she received ineffective assistance of counsel. We reverse Defendant's child abuse conviction for insufficient evidence but otherwise affirm.

**DISCUSSION**

**I.      Child Abuse**

**{2}**      When Defendant was eighteen years old, she and her boyfriend, Jorge Cardoza, planned to kill her friend, Arielle Voorhies. During their attack on Arielle at a local soccer field, Jorge stabbed Arielle, Kayla B. (Arielle's sixteen-year-old sister), and Alex Mancha. After Kayla was stabbed, she asked Defendant for help; Defendant told her to hold still but did not otherwise help. Both Arielle and Alex used their cell phones to call 911 during the attack. When Arielle told Defendant and Jorge that police were coming, they drove off in Jorge's truck. Not long afterward, Defendant and Jorge crashed and were apprehended. Among the charges resulting from this incident, the State charged Defendant with two counts related to the stabbing of Kayla: aggravated battery as an accessory, and child abuse by endangerment on the basis that Defendant failed to assist Kayla in getting medical treatment after the stabbing. On appeal, Defendant challenges the sufficiency of the evidence supporting her conviction for child abuse.

**{3}**      Child abuse by endangerment consists of "a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be  . . . placed in a situation that may endanger the child's life or health." Section 30-6-1(D)(1). "Child abuse by endangerment, as opposed to physical abuse of a child, is a special classification designed to address situations where an accused's conduct exposes a child to a significant risk of harm, even though the child does not suffer a physical injury." *State v. Chavez*, 2009-NMSC-035, ¶ 15, 146 N.M. 434, 211 P.3d 891 (emphasis, internal quotation marks, and citation omitted). "A third-degree felony, child abuse by endangerment occurs when an adult knowingly, intentionally, or [with reckless disregard] places a child 'in a situation that may endanger the child's life or health.' " *Id.* (quoting Section 30-6-1(D)-(E)). To prove child abuse by endangerment in this case, the jury was instructed in relevant part that the State must prove beyond a reasonable doubt that

1.  [Defendant] did not assist Kayla [in getting] medical treatment knowing that Kayla [] had been stabbed and was bleeding from the stab wound[;]

2.  By engaging in the conduct described in Paragraph 1, caused Kayla [] to be placed in a situation that endangered the life or health of Kayla [];

---

(Counts 4 and 5); one count of intentional child abuse (no death or great bodily harm) (endangerment) in violation of Section 30-6-1(D) (Count 6); and contributing to the delinquency of a minor in violation of NMSA 1978, Section 30-6-3 (1990) (Count 7).

3. [Defendant] showed a reckless disregard for the safety or health of Kayla []. To find that [Defendant] showed a reckless disregard, you must find that [Defendant] caused a substantial and unjustifiable risk of serious harm to the safety or health of Kayla []. A substantial and unjustifiable risk is one that any law-abiding person would recognize under similar circumstances and that would cause any law-abiding person to behave differently than [Defendant] out of concern for the safety or health of Kayla [].

*See State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517 ("[J]ury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (internal quotation marks and citation omitted)).

**{4}** As for the first element, Defendant's initial brief in chief, which was later withdrawn, argued that she had no legal duty to render aid to Kayla under the circumstances and that her failure to act could not support criminal liability in this case. *See Estate of Eric S. Haar v. Ulwelling*, 2007-NMCA-032, ¶ 14, 141 N.M. 252, 154 P.3d 67 ("The general rule is that a person does not have a duty to act affirmatively to protect another person from harm." (internal quotation marks and citation omitted)); *see also State v. Greenwood*, 2012-NMCA-017, ¶ 35, 271 P.3d 753 (stating that an omission can constitute a crime only where the defendant had a legal duty to act); *cf.* 1 Wayne LaFave, *Substantive Criminal Law* § 6.2(a), at 590 (3d ed. 2018) ("For criminal liability to be based upon a failure to act it must first be found that there is a duty to act—a legal duty and not simply a moral duty."). This position was not advanced by Defendant in her amended brief in chief. The State, however, argued in its answer brief that a defendant's "knowing failure to obtain medical care can be prosecuted as child endangerment[.]" This case presents an issue of first impression—i.e., whether Defendant, a non-parent and non-guardian, had an affirmative duty to render aid to Kayla and, if so, whether a breach of such duty supports criminal liability under the child endangerment statute. We thus ordered supplemental briefing on the matter, which we have duly considered.

**{5}** The State argues that an affirmative duty to render aid arises under the common law when one person places another in a position of danger, thus creating the peril. Under this theory, the State contends that Defendant was at fault for creating the peril because she was convicted as an accessory to the stabbing, and thus had a common law duty to render aid to Kayla. This common law duty has not previously been recognized or applied in New Mexico, and based on our review, such a duty has been recognized by few other jurisdictions. The State cites only to a few out-of-state cases in support of its position, all of which are factually inapposite. Moreover, the State has not presented any authority to support that a duty to render aid would arise under the circumstances of this case—i.e., that the duty would extend to an accomplice, or that it could form the basis for criminal liability in circumstances other than where the defendant's failure to render aid results in some further harm. *See State v. Godoy*, 2012-NMCA-084, ¶ 5, 284 P.3d 410 ("Where a party cites no authority to support an argument, we may assume no such authority exists." (internal quotation marks and citation omitted)). Consequently, we are doubtful as to the scope and application of the

common law duty advanced by the State. But we need not resolve this legal question today because the State failed to present sufficient evidence on the remaining elements.

**{6}** To support a conviction for child abuse by endangerment, the State was required to prove beyond a reasonable doubt that Defendant's failure to assist Kayla in getting medical treatment caused Kayla to be placed in a situation that endangered her life or health and that Defendant showed a reckless disregard for the safety or health of Kayla. *See Chavez*, 2009-NMSC-035, ¶ 32. Defendant in her briefing focuses on the fact that she did not intend or foresee that Kayla would be injured. Per the jury instructions, however, the State's theory of causation below and on appeal is that by failing to obtain medical assistance, Defendant caused Kayla "to be placed in a situation that endangered her life or health because a stab wound to the abdomen places a child at risk for serious internal injuries and significant bleeding." With respect to this argument, the State concedes, for the purpose of avoiding double jeopardy, that "the aggravated battery was grounded upon the stabbing while the child endangerment was grounded on the failure to seek medical assistance, which are two distinct acts separated by time and place." Thus, even though we agree with the State that the stabbing itself created an apparent danger to Kayla's life and health, our analysis of the child endangerment charge is limited to whether Defendant's conduct following the stabbing endangered Kayla.

**{7}** To that end, the State argues that Defendant's failure to personally assist Kayla in getting medical treatment endangered Kayla because she "could suffer serious health consequences from such an injury if adequate medical care is not received." However, the State's evidence at trial established that emergency assistance had been summoned before Defendant left Kayla. Both Arielle and Alex called 911 during the conflict. Defendant fled moments after Kayla was stabbed, but only after being told by Arielle that first responders had been called and were on the way. A recording of both Arielle and Alex's calls to 911 were played for the jury and demonstrated that first responders arrived on the scene within minutes. Given these facts, the State has not established how Defendant's failure to separately call for help created any risk of harm to Kayla's life or health. *Cf. Chavez*, 2009-NMSC-035, ¶ 37 ("The problem with the present case and this record is the lack of any specific evidence connecting these conditions to a substantial and foreseeable risk of harm.").

**{8}** For the same reasons, we reject the State's argument that Defendant's failure to assist Kayla demonstrated reckless disregard. Although the State argues that "any reasonable law-abiding person would seek medical treatment for a minor who has been stabbed," the State fails to acknowledge that two other adults had already done so, and any effort by Defendant to that effect would have been merely duplicative. In light of the fact that help had already been summoned, the State has not shown how Defendant's failure to independently assist Kayla in getting medical help created any risk of harm in this case, much less the substantial and foreseeable risk of harm necessary for criminal prosecution under the endangerment statute. *See State v. Schaaf*, 2013-NMCA-082, ¶ 8, 308 P.3d 160 (stating that courts have strived to identify the "magnitude and

likelihood of the risk of harm to a child that is required for criminal prosecution under the endangerment statute" and have required that the defendant's conduct create "a substantial and foreseeable risk of harm" (internal quotation marks and citation omitted)). Our courts have recognized that the Legislature intended felony punishment for child endangerment in circumstances where the defendant's conduct 'creates a truly significant risk of serious harm to children.' " *Id.* (quoting *Chavez,* 2009-NMSC-035, ¶ 22). Facts establishing that Defendant's conduct created a risk of harm, or that the risk was substantial and foreseeable, are simply absent in this record.

**{9}** We conclude that the State did not present sufficient evidence to sustain a felony conviction for child endangerment under Section 30-6-1(D) and therefore reverse Defendant's conviction. Because we reverse, we do not address Defendant's double jeopardy argument.

## II.    Ineffective Assistance of Counsel

**{10}** Defendant argues that she received ineffective assistance of counsel because trial counsel (1) violated her right to a speedy trial; (2) failed to request a change of venue; (3) inadequately defended her at trial; and (4) allowed her to testify at trial. To establish ineffective assistance of counsel on appeal, a defendant must show that her counsel's performance was deficient and that the deficiency prejudiced the defense. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

**{11}** Although Defendant alleges numerous deficient acts and omissions of her trial counsel, she did not make any argument regarding, or otherwise demonstrate, prejudice. "[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Cordova*, 2014-NMCA-081, ¶ 9, 331 P.3d 980 (internal quotation marks and citation omitted). Consequently, we conclude that Defendant has not established a prima facie case for ineffective assistance of counsel. *State v. Hernandez*, 1993-NMSC-007, ¶ 27, 115 N.M. 6, 846 P.2d 312 ("A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (omission, alteration, internal quotation marks, and citation omitted)). Notwithstanding this, Defendant is still entitled to pursue habeas corpus proceedings on this issue. *See generally State v. Dylan J.*, 2009-NMCA-027, ¶ 41, 145 N.M. 719, 204 P.3d 44 (noting that "our Supreme Court stated that Rule 5-802 NMRA habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims." (internal quotation marks and citation omitted)); *see also Duncan v. Kerby*, 1993-NMSC-011, ¶ 3, 115 N.M. 344, 851 P.2d 466 ("If an application for a writ of habeas corpus is grounded in facts beyond the record previously presented on appeal, and if the additional facts are those which could not, or customarily would not, be developed in a trial on criminal charges, there should be no issue preclusion.").

**CONCLUSION**

**{12}** Based on the foregoing, we reverse Defendant's conviction for child abuse and remand to the district court to vacate that conviction and to resentence Defendant accordingly. Otherwise, we affirm.

**{13}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**