**[J-19-2022] [MO: Brobson, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 793 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | June 23, 2021 in the Court of |
| | : | Common Pleas, York County, |
| v. | : | Criminal Division at No. CP-67-CR- |
| | : | 0001762-1991. |
| | : | |
| PAUL G. TAYLOR, | : | SUBMITTED: February 7, 2022 |
| | : | |
| Appellant | : | |

## DISSENTING OPINION

**JUSTICE DONOHUE**                                                      **DECIDED: September 29, 2022**

I agree that Paul G. Taylor has not shown that his petition satisfies one of the three statutory exceptions to the one-year time-bar. Taylor asserts that *Commonwealth v. Koehler*, 229 A.3d 915 (Pa. 2020), recognized a constitutional right that applies retroactively per 42 Pa.C.S. § 9545(b)(1)(iii). While I disagree with some aspects of the Majority's discussion regarding the continued viability of our caselaw with respect to some components of retroactivity jurisprudence, *see generally Commonwealth v. Reid*, 235 A.3d 1124, 1177-80 (Pa. 2020) (Donohue, J., dissenting), I conclude that *Koehler* does not require retroactive application under *Teague v. Lane*, 489 U.S. 288 (1989).[1] Simply

---

[1] This Court "generally has looked to the *Teague* doctrine in determining retroactivity of new federal constitutional rulings." *Commonwealth v. Cunningham*, 81 A.3d 1, 8 (Pa. 2013). Taylor suggests that this Court should employ a broader test, a possibility raised by *Cunningham* itself. *Id.* at 9. As I conclude that existing caselaw provides an avenue for relief, I do not further address this claim.

put, *Koehler* does not "place certain criminal laws and punishments altogether beyond the State's power to impose." *Montgomery v. Louisiana*, 577 U.S. 190, 201 (2016). Additionally, *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021), held that as a matter of federal law new rules of criminal procedure—in that case the right to conviction by a unanimous jury for serious offenses—do not apply retroactively under *Teague*. Thus, assuming arguendo that *Koehler* announced a "new" rule as opposed to applying settled precedent, the PCRA's time-bar exception for new constitutional rights does not apply.

Had Taylor sought relief only under the PCRA, I would be inclined to join the Court. However, I respectfully dissent because I disagree with the Majority's disposition of Taylor's alternative request to grant relief as a matter of habeas corpus principles. I conclude that the circumstances of this case warrant application of the rule established by an analogous case, *Commonwealth v. Cruz*, 851 A.2d 870, 871 (Pa. 2004). *Cruz* involved a claim of "disparate treatment on direct appellate review, as compared to that afforded to a co-defendant[.]" *Id.* We concluded that habeas corpus "is presently available on collateral review in the particularized circumstances presented." *Id.* at 878.

I find that this situation presents an analogous "particularized circumstance" justifying habeas corpus relief that is available outside of the PCRA's statutory requirements. In *Cruz*, Cruz and his co-defendant Melendez both raised Article I, Section 8 claims challenging a warrantless entry. The Superior Court denied relief to both defendants and both petitioned this Court for discretionary review. We granted Cruz's petition but later dismissed it as improvidently granted over the dissents of Justices Cappy and Zappala. We then decided Melendez's case and reversed the Superior Court. *Commonwealth v. Melendez*, 676 A.2d 226, 228 (Pa. 1996).

Meanwhile, Cruz's sentence had become final and he unsuccessfully sought relief under the PCRA. The Superior Court affirmed, explaining that Cruz "was improperly attempting to relitigate his search and seizure claim, and was not entitled to 'retroactive' application of the *Melendez* decision." *Cruz*, 851 A.2d at 874. We granted allowance of appeal and reversed. Regarding the applicability of the PCRA, the Court stated:

> We are aware of, and generally enforce according to its plain terms, the statutory bar against relitigation of claims on collateral review under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2). As Appellant notes, however, by its effort to channel the broadest category of post-conviction claims into the statutorily-prescribed procedures, the Legislature implemented a scheme that must necessarily be deemed to take into account facets of traditional habeas corpus jurisprudence, *see Chester,* 557 Pa. at 375-76, 733 A.2d at 1250-51; *Lantzy,* 558 Pa. at 223, 736 A.2d at 569-70, under which previous litigation does not function as a never-yielding bar to the possibility of collateral relief. *See, e.g., Darr v. Burford,* 339 U.S. 200, 214-15, 70 S.Ct. 587, 596, 94 L.Ed. 761 (1950) ("All authorities agree that *res judicata* does not apply to applications for habeas corpus. The courts must be kept open to guard against injustice through judicial error."), *overruled in part on other grounds, Fay v. Noia,* 372 U.S. 391, 435-36, 83 S.Ct. 822, 847, 9 L.Ed.2d 837 (1963); *accord Duncan v. Kerby,* 115 N.M. 344, 851 P.2d 466, 468-69 (1993), *cited with approval in Commonwealth v. Grant,* 572 Pa. 48, 63-64 & n. 13, 813 A.2d 726, 735-36 & n. 13 (2002). Indeed, in other instances involving unique circumstances embodying manifest error or irregularity in the chain of previous litigation, this Court and others have found that the doctrine need not be regarded as dispositive on collateral review. *See Commonwealth v. Tyson,* 535 Pa. at 394-95, 635 A.2d at 624-25 (granting post-conviction relief to equalize the treatment of similarly situated co defendants); *accord Walter v. United States,* 969 F.2d at 817 (citing *Davis v. United States,* 417 U.S. 333, 346-47, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974)).

*Id.* at 877–78 (footnotes omitted).

I acknowledge that the disparate treatment alleged here is removed from the direct appellate review process, and the decision to apply "new" decisions on collateral review

is even further removed. Moreover, Cruz's petition was timely whereas Taylor's petition was not. Additionally, as *Cruz* recognized, "[i]t is unclear whether federal equal protection or due process concepts will ultimately be construed by the United States Supreme Court to require consistently equal treatment of co-defendants with respect to purely legal issues on appeal." *Id.* at 877.

Nevertheless, *Cruz* established the groundwork for Taylor's habeas corpus claim. The *Cruz* Court agreed that the PCRA's statutory requirements could not be satisfied in Cruz's case. For instance, as the Superior Court recognized, the previous litigation bar could not be overcome. This Court, by dismissing Cruz's appeal as improvidently granted, had left intact the Superior Court's resolution of the Article I, Section 8 claim. Indeed, Justice Castille's dissenting opinion criticized the majority for "eviscerat[ing] salutary provisions in the PCRA concerning cognizability, and previous litigation." *Id.* at 879 (Castille, J., dissenting).

*Cruz*, in my view, responds to those criticisms via application of "traditional habeas corpus jurisprudence … under which previous litigation does not function as a never-yielding bar to the possibility of collateral relief." *Id.* at 877. There is no doubt that "the scope of the PCRA cannot be narrowly confined to its specifically enumerated areas of review," due to the fact the PCRA reflects a legislative intent to channel all collateral claims into its framework. *Commonwealth v. Judge*, 916 A.2d 511, 520 (Pa. 2007). Simultaneously, "this Court has never held that habeas corpus cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute[.]" *Id.* at 520. *Cruz* recognizes that when two defendants diligently pursue their

claims and are identically situated in terms of pure legal issues they should receive the same treatment. When this Court denies relief to one and capriciously gives relief to the other, habeas corpus permits the Court to rectify its arbitrary behavior.

I thus accept Taylor's alternative argument. *See* Taylor's Brief at 37-38 ("[Taylor] was always diligent in pursuing his claims and yet review has eluded him, not because of the merits of his claim or failure to follow procedural rules, but because extraordinary (and inexplicable) procedural irregularities have rendered the PCRA ineffectual or nonexistent as a mechanism for him to litigate his meritorious claim.") (quotation marks and citation omitted).[2] Taylor and Koehler were identically situated in all material respects. *See Cruz*, 851 A.2d at 876 (observing that Melendez and Cruz were "identically (or at least as similarly enough) situated."). When this Court affirmed the denial of Taylor's PCRA petition by operation of law, Taylor filed an application for reargument and asked the Court to appoint additional jurists. Maj. Op. at 4. While that request was pending, we empaneled additional jurists to decide *Koehler*. "In contrast to [Taylor's case], however, the seven-member special complement of this Court in *Koehler* reversed the PCRA court's dismissal in a divided opinion." *Id.* at 5. We then denied the application for reargument, again by a 2-2 split.

---

[2] Justice Dougherty asserts that Taylor was not diligent because the underlying PCRA petition was untimely. Concurring Opinion at 5 n.3 (Dougherty, J.). The concurrence made this same argument in *Commonwealth v. Taylor*, 218 A.3d 1275 (Pa. 2019), but Justice Wecht and I disagreed. *Id.* at 1283 n.9 ("Contrary to Justice Dougherty's view, we do not believe that it is appropriate at this juncture to ascertain the timeliness of Taylor's petition. … the PCRA court did not resolve the petition on timeliness grounds, and we have no developed record upon which to evaluate timeliness.") (Wecht, J., opinion in support of reversal). It is difficult to say that Taylor was treated fairly on the basis that Justice Dougherty was correct and we were wrong.

*Cruz* holds that habeas corpus can remedy extraordinary circumstances and this is surely one. For purposes of this alternative argument, Taylor is not seeking the benefit of the new *Koehler* claim as a matter of "retroactive" application but instead merely asks this Court to rectify its arbitrary treatment. I fully agree that our denial of Taylor's petition for reconsideration is fairly characterized as such. *See Commonwealth v. Taylor*, 230 A.3d 341 (Pa. 2020) (Wecht, J., dissenting) (describing denial of Taylor's application for reconsideration as "inexplicable, given our decision in *Koehler*."). As Justice Cappy explained in *Melendez*, the decision to dismiss Cruz's appeal "was wrong then; it is wrong now. The injustice suffered by Cruz as a result of this Court's inconsistency is, for lack of a better word, shameful." *Melendez*, 676 A.2d at 232 (Cappy, J., concurring). We were wrong then, and the Majority is wrong now.

The *Cruz* Court ultimately corrected that unfair treatment. Taylor will not be so fortunate. And make no mistake that only sheer luck explains why this Court empaneled Superior Court judges to break the tie for Koehler but not for Taylor. Moreover, this case presents an even stronger case for relief than *Cruz* with respect to the Court's composition. At least in *Cruz* it could be said that a majority of the Court had voted to dismiss the petition as improvidently granted. Taylor, in contrast, was denied relief by operation of law based on a deadlock of four Justices, a deadlock that Taylor specifically asked us to address.

Finally, I observe that this case presents an extraordinary circumstance warranting application of *Cruz* because Taylor diligently pursued all potential remedies when the controversy was still live. Had Taylor failed to seek reconsideration of our initial split decision, I would be inclined to affirm. *Cf. Commonwealth v. Watts*, 23 A.3d 980, 988

(Pa. 2011) (holding that *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), was not a new "fact" for purposes of the PCRA's time-bar); *id.* at 988 (Baer, J., concurring) ("As the Majority notes, Watts had the opportunity to 'become' Bennett by … raising the same arguments that Bennett did. … Instead, he waited for Bennett's vanguard success in this Court, and then attempted to capitalize on it."). Taylor did not sit idly by and raise his claim only after seeing Koehler's succeed. Taylor tried to "become" Koehler at all stages of his case, including by asking the Court to appoint additional jurists. Under these extraordinary circumstances, I would apply *Cruz*. I would remand the petition to the PCRA court for further proceedings.