This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. A-1-CA-35788**

**RODNEY COUNTY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant Rodney County appeals from the judgment and sentence resulting from a no contest plea. This Court's calendar notice proposed to summarily affirm. Defendant filed a memorandum in opposition, and moves to amend the docketing statement with two issues. [MIO 6] Not persuaded by Defendant's arguments, we affirm.

{2}     Defendant continues to argue that the district court erred in denying his motion to continue, which was requested so that Defendant could submit a motion to withdraw his plea. [Amended DS 9; MIO 6] Defendant does not assert any error with this Court's proposed disposition of the issue. [MIO 5] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement). However, related to that issue, Defendant moves to amend the docketing statement with two issues: (1) whether the district court judge improperly denied Defendant an evidentiary hearing on his motion to withdraw his plea and to allow counsel to withdraw, and (2) whether his counsel's failure to request an evidentiary hearing or submit a motion, as directed by the district court judge, amounts to ineffective assistance counsel. [MIO 6] Defendant expressly abandons Issue II of the amended docketing statement. [MIO 6]

{3}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{4}     Defendant asserts that at both the arraignment and adjudicatory hearings on his supplemental criminal information, he requested to withdraw his plea, and on neither occasion did the judge take evidence, but relied only on the arguments of counsel, which are not evidence. [MIO 6] Defendant further asserts that at two different hearings, he requested that his trial attorney be permitted to withdraw as counsel, and despite trial counsel reminding the judge he had yet not heard from Defendant, Defendant was not permitted to testify on the record. [MIO 7] Defendant claims that

the judge should have held an evidentiary hearing sua sponte to permit Defendant to testify as to why his plea was involuntary and why his trial counsel should be relieved of representation. [Id.] Defendant contends that the judge abused his discretion in not permitting Defendant to testify on the record, particularly given that his attorney reminded the judge that Defendant had not yet been given the opportunity to speak. [Id.]

{5} Defendant relies on an unpublished memorandum opinion from this Court, wherein we reversed and remanded for an evidentiary hearing on the basis that the district court relied on its prior determination of the voluntariness of Defendant's plea based on its colloquy with Defendant and did not conduct a hearing after Defendant's post-conviction allegations of involuntariness. *See State v. Torres*, No. A-1-CA-35180, 2017 WL 3484104, ___-NMCA-___, ¶ 14, ___P.3d___ (July 24, 2017) (non-precedential). Even if we were to rely on non-precedential cases, which we do not, *see* Rule 12-405(C), (D) NMRA (stating that non-reported cases are not precedent), that case is distinguishable. There, the defendant filed a written motion, alleged twenty-eight deficiencies with his prior counsel's performance, asserted that prior counsel coerced him into taking the plea, requested an evidentiary hearing, and at that hearing, "explained the basis for [the] motion, and requested to supplement the record with affidavits or testimony." ___-NMCA-___, ¶ 4.

**{6}** In contrast, here, trial counsel requested to withdraw the plea, but did not file a written motion, as requested by the trial judge. [MIO 9, 10] Defendant indicates that trial counsel alerted the trial judge of his desire to withdraw his plea, and that he alleged off the record occurrences, which were not within the trial judge's knowledge, but still fails to inform this Court on what specific legal basis he asserted he was relying on to withdraw his plea, and whether that was communicated to the trial judge. [MIO 4, 6, 8] Defendant seems to fault the judge for not sua sponte conducting a hearing when trial counsel expressed Defendant's general desire to withdraw the plea. However, a trial judge is warranted in refusing an evidentiary hearing where the defendant's claims either do not "state grounds for relief" or are "contradicted by occurrences on the record or within the judge's personal knowledge." *State v. Guerro*, 1999-NMCA-026, ¶ 26, 126 N.M. 699, 974 P.2d 669. We cannot assess these factors without knowing on what legal basis Defendant asserted he relied to withdraw his plea. Defendant asserts on appeal that his plea was coerced by trial counsel, but acknowledges there is no evidence of this in the record. [MIO 6] Absent a record that the trial judge was expressly advised of the reason an evidentiary hearing was necessary, we cannot say that the district court abused its discretion, and as a result the issue is not viable.

{7} To the extent Defendant moves to amend the docketing statement with the issue of ineffective assistance of counsel, we determine that the issue is also not viable. "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, [466 U.S. 668, 687 (1984)]." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

{8} Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466; *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. That is precisely the case here; Defendant acknowledges there is no record below [MIO 6],

which is often the case, and without a record, we cannot assess whether counsel's performance in failing to file a written motion was deficient or whether Defendant was prejudiced by such failure. *See Dylan J.*, 2009-NMCA-027, ¶ 38 (providing that a defense is prejudiced if, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different" (omission, internal quotation marks, and citation omitted) ). If Defendant so chooses, he can pursue his claims via habeas corpus.*See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims); *Roybal*, 2002-NMSC-027, ¶ 19 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]"). Defendant's motion to amend the docketing statement is therefore denied.

{9}     For these reasons, and those stated in the calendar notice, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**

**HENRY H. BOHNHOFF, Judge**